IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>                              Plaintiff,<br>v.<br><br>GLORIA M. BROWN, MARY L. SHIVER, as administrator of the ESTATE OF KELVIN LAMONT SHIVER, and COTTON FUNERAL SERVICE, INC.,<br><br>                            Defendants. | CIVIL ACTION NO.:<br><br>**INTERPLEADER COMPLAINT** |

Plaintiff, Primerica Life Insurance Company ("Plaintiff" or "Primerica"), by and through its counsel, Rivkin Radler LLP, as and for its Interpleader Complaint, hereby alleges as follows:

## NATURE OF ACTION

1. Primerica brings this interpleader action to determine the proper beneficiary or beneficiaries of a life insurance policy it issued on the life of Kelvin L. Shiver, which had a death benefit of $300,000 as of the date of his death.

## PARTIES

2. Primerica is an insurance company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 1 Primerica Parkway, Duluth, Georgia, 30099. Primerica is a citizen of the Commonwealth of Massachusetts and the State of Georgia.

3. Upon information and belief, Kelvin L. Shiver (the "Decedent"), prior to and at his death, was a resident and citizen of the State of New Jersey.

4. Upon information and belief, defendant Gloria M. Brown ("Brown") is a citizen of the State of New Jersey, residing at 68 Weequahic Avenue, Newark, New Jersey 07112.

5. Upon information and belief, defendant Mary L. Shiver ("Shiver") has been appointed as the Administrator of the Estate of Kelvin Lamont Shiver (the "Estate"), and is a citizen of the State of New Jersey, residing at 170 Weequahic Avenue, Newark, New Jersey 07112.

6. Upon information and belief, defendant Cotton Funeral Service, Inc. ("Cotton Funeral Service") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 130 Main Street, Orange, New Jersey 07050. Upon information and belief, Cotton Funeral Service is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

7. This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22.

8. This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. § 1332 because there is diversity of citizenship between plaintiff and defendants, and because Primerica has in its custody an amount in excess of $75,000, exclusive of interest and costs, which represents the proceeds of the life insurance policy it issued on the Decedent's life.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the defendants reside in this judicial district.

## CLAIM FOR INTERPLEADER

10. On or about March 28, 2001, Primerica issued Term Life Insurance Policy No. 0432336522 (the "Policy") insuring the life of the Decedent. The Decedent was the Owner of the Policy.

11. The Policy provides that:

> If no primary Beneficiary is living at the Insured's death, the death proceeds will be paid to any contingent Beneficiary. The proceeds

will be paid to the Owner if the Insured dies and there is no primary or contingent Beneficiary. Proceeds will be paid to the Insured's estate if there is no living Beneficiary or Owner.

12. In the application for the Policy, the Decedent designated Shiver, the Decedent's mother, as the primary beneficiary of the proceeds of the Policy and did not designate a contingent beneficiary.

13. On April 8, 2008, the Decedent completed a Multi-Purpose Change Form (the "Multi-Purpose Change Form") in which he designated Brown, the Decedent's spouse at the time, as the principal beneficiary of the proceeds of the Policy and did not designate a contingent beneficiary.

14. The Multi-Purpose Change Form provides that:

> All designations of present beneficiaries and elections of settlement options pertaining to the death benefits on the referenced Policy are hereby revoked and the proceeds payable under said Policy are to be paid to the following named person(s) as specified below pursuant to the payment provisions of said Policy, with the right to change this designation reserved:

15. The Decedent and Brown were divorced by Final Judgment of Divorce dated October 29, 2014.

16. The Decedent died on February 9, 2017.

17. The proceeds of the Policy payable at the time of the Decedent's death were $300,000 (the "Death Benefit").

18. On or about February 21, 2017, Shiver executed an Assignment of the Death Benefit in the amount of $8,872.00 in favor of Cotton Funeral Service (the "Assignment").

19. On or about March 1, 2017, Cotton Funeral Service submitted the Assignment to Primerica.

20. On or about March 10, 2017, Primerica received Brown's Claimant's Statement dated March 7, 2017 by which Brown seeks payment of the Death Benefit.

21. On or about June 14, 2017, the State of New Jersey, Essex County Surrogate's Court, issued Letters of Administration of the Estate to Shiver.

22. If the designation of Brown as the principal beneficiary in the Multi-Purpose Change Form is revoked by operation of law as a result of the Final Judgment of Divorce, then the Death Benefit may be payable to the Estate under the terms of the Policy, as the Decedent was the owner of the Policy and did not designate any other beneficiary in the Multi-Purpose Change Form.

23. Thus, there are issues of fact and law that Primerica cannot determine, without the risk of being subjected to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple payment of the Death Benefit.

24. Primerica claims no title to, or interest in, the Death Benefit, and is ready and willing to pay the Death Benefit to the person or persons entitled to it, but Primerica is unable to make that determination without exposing itself to double or multiple liability on account of the claims made by Cotton Funeral Service and Brown and the potential competing claim by the Estate.

25. Primerica makes no claim to the Death Benefit other than payment of its reasonable attorneys' fees, costs and disbursements in connection with the action. Primerica is now, and at all times has been, ready and willing to pay the Death Benefit to the party or the parties legally entitled to it.

26. Primerica will deposit the Death Benefit into the Registry of the Court, or with a person duly authorized by the Court to receive it, in accordance with the Judgment of this Court.

**WHEREFORE**, Primerica requests that the Court enter judgment:

A. Requiring that defendants interplead and settle among themselves their respective rights to the Death Benefit;

B. Restraining and enjoining defendants from instituting or prosecuting any action against Primerica and/or its agents with respect to the Policy and/or for recovery of the Death Benefit or any part thereof;

C. Directing Primerica to deposit the Death Benefit into the Registry of this Court or with a person duly authorized by this Court to receive it;

D. Discharging Primerica from any and all liability arising out of the matters set forth herein and dismissing Primerica with prejudice from this action upon payment of the Death Benefit into this Court or as otherwise directed by this Court;

E. Awarding Primerica its costs, disbursements and attorney's fees; and

F. Awarding Primerica such other and further relief as this Court deems just, equitable, and proper.

Dated: Hackensack, New Jersey
August 17, 2017

RIVKIN RADLER LLP
Attorneys for Plaintiff
Primerica Life Insurance Company
21 Main Street, Suite 158
Court Plaza South, West Wing
Hackensack, New Jersey 07601
201-287-2460

By: _____
Anthony LaPorta

3762444 v5